UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Kenneth Edward Barbour

    v.                                Case No. 11-fp-221

Eric Holder

**REPORT AND RECOMMENDATION**

Kenneth Edward Barbour, an inmate at the Red Onion State Prison in Virginia, requests to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a) (doc. no. 2). As explained herein, the court recommends that the motion be denied. The court further recommends that this action be dismissed in its entirety.

I.    Motion to Proceed In Forma Pauperis (Doc. No. 2)

Barbour has requested that this court allow him to proceed in forma pauperis in this matter pursuant to 28 U.S.C. § 1915. That statute includes a "three strikes" provision of 28 U.S.C. § 1915(g) which provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Barbour has, on three or more prior occasions, had non-habeas civil actions dismissed as frivolous or for failing to state a claim.  See Barbour v. Clinton, No. CV-11-36-BLG-RFC-CSO, 2011 WL 1419639, *1 (D. Mont. Apr. 13, 2011) (listing four cases constituting "strikes" under § 1915(g)).  Further, Barbour has been denied in forma pauperis status numerous times under the "three strikes" provision of § 1915(g), and has been so notified in written orders advising him that because he has three strikes, he is not eligible to file any federal civil action without paying the full filing fee at the time of filing the action, absent a showing that he is at risk of imminent serious harm.  See e.g., id.; Barbour v. Acting U.S. Treasurer, No. 3:10cv550/MCR/MD, 2011 WL 780776, *1 (N.D. Fla. Feb. 24, 2011); Barbour v. Fed. Prisons, No. 2:10-cv-978, 2011 WL 587146, *1 (S.D. Ohio Feb. 9, 2011).

   As nothing in the complaint indicates that Barbour is in "imminent danger of serious physical injury," 28 U.S.C. § 1915(g), Barbour is subject to the prohibition on in forma pauperis filing contained in the "three strikes" provision of § 1915(g).  The court should deny Barbour's motion to proceed in forma pauperis.

   Ordinarily, the court would give a pro se litigant denied in forma pauperis status time to pay the filing fee.  The court

2

should not proceed in this manner in this case.  In addition to the fact that Barbour is aware that he is required to pay a filing fee in full at the time of filing, and had ample notice that the failure to do so could result in dismissal of his action, allowing this action to proceed any further would be futile because, as explained herein, the complaint in this matter is frivolous and fails to state any claim upon which relief might be granted.

II.  Frivolous Complaint

A complaint may be dismissed as frivolous "if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. . . . [A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ."  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal quotations and citations omitted); Miller v. Kennebec Cnty. Sheriff's Dep't, 54 F.3d 764, 1995 WL 281644, *1 (1st Cir. 1995) (unpublished table decision).  Barbour's allegations here, which are largely indecipherable, have to do with former British Prime Minister Margaret Thatcher's son helping to fund a private military firm in South Africa in order to stage a coup d'etat in Equatorial Guinea.  Barbour seeks, among other things, $160 billion in damages and an apology to

3

Colombia's cocaine industry from representatives of the United States. The assertions in the complaint are entirely irrational and plainly the result of delusion or fantasy. Accordingly, the court should dismiss the complaint in its entirety.

## Conclusion

For the foregoing reasons, the court recommends that the motion to proceed in forma pauperis (doc. no. 2) be denied, and the complaint (doc. no. 1) be dismissed. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

_____
Landya B. McCafferty
United States Magistrate Judge

Date: July 11, 2011

cc: Kenneth Edward Barbour, pro se